IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEAN F. VALERY, | ) | 8:14CV146 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| US HOUSE OF REPRESENTATIVE, EVERY MEMBER OF THESE CONSTITUENT ORGANS, PERSONALLY, US SENATE, EVERY MEMBER OF THESE CONSTITUENT ORGANS, PERSONALLY, THE WHITE HOUSE, EVERY MEMBER OF THESE CONSTITUENT ORGANS, PERSONALLY, NEBRASKA STATE LEGISLATURE, EVERY MEMBER OF THESE CONSTITUENT ORGANS, PERSONALLY, and NEBRASKA GOVERNMENT, EVERY MEMBER OF THESE CONSTITUENT ORGANS, PERSONALLY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 29, 2014. (Filing No. 1). The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 5.) Plaintiff filed a "supplement" to his complaint on May 22, 2014. (Filing No. 6). The court now conducts an initial review of the Complaint and the subsequently filed "supplement" to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff Jean Valery, apparently a French citizen, resided in the United States from August of 1999 until November 3, 2008. (Filing No. 6 at CM/ECF p. 31.) During all or part of that time he owned and operated The Bread Oven, Inc. Plaintiff states the Nebraska Department of Revenue and the Internal Revenue Service are seeking collection of back taxes Valery owes, presumably from the operation of his business.

Valery primarily uses his complaint to express his displeasure with the United States of America's economic policies which, he argues, unfairly favor salaried employees over entrepreneurs. Specifically, he alleges the United States and the State of Nebraska "oppos[e] the freedom of enterprise and its massive job creation" and the "economic and social leadership" have "abuse[d] their constituent powers . . . to the detriment of the American people and U.S. residents." (Filing No. 6 at CM/ECF pp. 4 & 16.) Valery asserts he was forced to sell his business for $12,000 and return to France due to these policies despite the fact he created jobs and economic impact for Nebraska. He requests relief in the amount of 3 billion Euros or .2% of the annual United States Gross Domestic Product.

## II. APPLICABLE LEGAL STANDARD

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their

claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Very liberally construed, Plaintiff appears to be asserting a claim that certain unnamed laws and policies of the United States and Nebraska violate the equal protection clause of the Fifth Amendment because these unnamed laws unfairly disadvantage business owners. However, Plaintiff has not identified any specific state or federal laws that he claims directly violate his right to equal protection. Rather his complaint only addresses laws and United States economic policy in general. Accordingly, Plaintiff has fallen well short of providing a sufficient factual basis for a claim based on equal protection.

To the extent he is attempting to allege that specific actions by the United States government and the State of Nebraska have violated his constitutional rights, those claims also fail. The United States and its branches of government enjoy immunity from suit unless otherwise waived. *See F.D.I.C v. Meyer*, 510 U.S. 471, 475 (1994). Likewise, the State of Nebraska and its government have sovereign immunity from legal action. *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003) (internal citations omitted).

Plaintiff also names every member of the United States Senate, the United States House of Representatives, the White House, the Nebraska State Legislature, and the Nebraska Government in their individual capacities. While federal and state officials can be sued in their individual capacities under certain circumstances,[1] the Plaintiff indicates he would like to sue individual state and federal legislators. To the extent Plaintiff is complaining of acts carried out while they performed legitimate legislative activities, state and federal legislators enjoy immunity from suit. *See Eastland v. United States Servicemen's Fund*, 421 U.S. 491 (1975); *Dombrowski v. Eastland*, 387 U.S. 82 (1967); *Bogan v. Scott-Harris*, 523 U.S. 44 (1998). Plaintiff has provided no facts that any specific member of the named legislative bodies engaged in activity that impacted him directly or that would not qualify for immunity from suit.

Finally, Plaintiff acknowledges he owes several thousand dollars to the Internal Revenue Service and the Nebraska Department of Revenue. To the extent his complaint could be interpreted as a challenge to those respective tax assessments, his claim also fails as a matter of law because he has made no indication he exhausted his administrative remedies. *See Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996).

While the court is mindful it must construe pro se complaints liberally and pro se litigants should be afforded the opportunity to amend their pleadings, the court "has the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). That is, where the claim is clearly frivolous the court may dismiss a claim prior to service of process. *See Porter*, 99 F.3d at 273-74; *Williams v. Willits*, 853 F.2d 586, 588-89 (8th Cir. 1988).

---

[1]*See* 42 U.S.C. § 1983; *Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

In this case, Plaintiff's main concern appears to be the number of hours he worked as a business owner in comparison to the amount of profit the business generated. Apparently, the United States' and State of Nebraska's respective tax policies are to blame. He does not identify any specific laws that he believes led to the failure of his business. And, as noted above, he cannot sue federal and state legislators for acts carried out while they perform legitimate legislative duties. His rambling manifesto about the plight of business owners in the United States and how those problems should be remedied, is wholly void of facts sufficient to state a cause of action and is completely frivolous.

Accordingly,

IT IS ORDERED that:

1. Pursuant to 28 U.S.C. §1915(e)(2), Plaintiff's complaint and the amendment thereof shall be dismissed with prejudice.

2. A separate judgment will be entered in accordance with this memorandum and order.

DATED this 23rd day of September, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.